UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERMAINE FRANKLIN JR.,

     Appellant,

v.

     Case No. 1:25-cv-13060

     Honorable Robert J. White

MARK F. HAAK,

     Appellee.

---

## ORDER DIRECTING SUPPLMENTAL BRIEFING

---

Appellant Jermain Franklin Jr is a professional boxer who entered into an exclusive promotional and management agreement (the "Agreement") with Appellee Mark F. Haak back in 2014. *Franklin v. Haak*, 499 F. Supp. 3d 379, 382 (E.D. Mich. 2020) (hereinafter "*Franklin I*"). Franklin became dissatisfied with the Agreement in 2018 and entered a new contract with a new promoter, however, the new promoter would not offer fights because Haak threatened to sue. *Franklin I* at 387.

Franklin filed a Complaint with the Court in early 2019 seeking declaratory relief that the Agreement was void and invalid, and Haak filed a counterclaim seeking the opposite. *See Franklin v. Haak*, 1:19-cv-10137, ECF No. 18; 27. The

Court sided with Haak and entered a Judgment which stated in relevant part that the Agreement was valid, and that Haak was Franklin's manager. *Franklin I* at 399.

In 2021, Franklin filed for Chapter 7 bankruptcy. *In re Franklin*, 21-20657, ECF No. 1 (June 4, 2021) (hereinafter "Franklin Bankruptcy"). Franklin sought to discharge the Agreement in bankruptcy. Haak, on the other hand, sough to dismiss Franklin's bankruptcy for a lack of good faith under 11 U.S.C. § 707(a). *In re Franklin*, No. 1:21-BK-20657, 2022 WL 210032, at *1 (Bankr. E.D. Mich. Jan. 24, 2022). However, the Bankruptcy Court denied this Motion. *Id.* at *9.

Haak appealed this decision, among others, to this Court. *Haak v. Franklin*, 654 B.R. 255, 258 (E.D. Mich. 2023) (hereinafter "*Franklin II*"). Additionally, Haak filed a motion seeking the Court take judicial notice of several fights with significant purses that Franklin had participated in *after* the conclusion of the Bankruptcy proceedings. *Id.* at 262. The Court granted this Motion and remanded the case back to the Bankruptcy Court to reevaluate whether the judicially noticed fights impacted its analysis for a lack of good faith under § 707(a). *Id.* at 266.

Following the remand, the Bankruptcy Court held for Haak and dismissed Franklin's bankruptcy proceedings as lacking good faith. *In re Franklin*, No. 21-20657-DOB, 2025 WL 2650110, at *5 (Bankr. E.D. Mich. Sept. 15, 2025). Franklin then appealed the Bankruptcy Court's Judgment. *See In re Franklin*, 1:25-cv-13060, ECF No. 2.

Then, on March 10, 2026, the case was transferred to the undersigned by Administrative Order 26-AO-009.

Franklin is *pro se*. And seemingly he requests the Court to vacate its prior ruling in Haak's bankruptcy appeal which took judicial notice of Franklin's several post-bankruptcy fights and remanded the case back to the Bankruptcy Court. *See* ECF No. 6 at PageID.108 –11. The Court is bound to liberally construe the filings of *pro se* litigants. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). So, to the extent that Franklin seeks the Court to vacate its prior order, it will analyze the merits of that argument.

But because the issue has not been directly flushed out in the briefing, the Court will require the Parties to supply supplemental briefing within fourteen (14) days of this order addressing the following question:

1. Whether the Court has the authority to vacate its prior Order in *Franklin II* which took judicial notice of Franklin's post-bankruptcy ruling bouts, and remanded the case back to the Bankruptcy Court. *In re Franklin*, 1:22-cv-10899, ECF No. 18.

Accordingly, it is **ORDERED** that the Parties are **DIRECTED** to file supplemental briefing addressing the above-outlined question within fourteen (14) days of this Order and are to be filed simultaneously. There will be no response briefing unless further directed by the Court.

- 4 -

Further, it is **ORDERED** that the Parties briefing may be no longer than ten (10) pages.

Dated: May 1, 2026                              s/ Robert J. White                         
                                                Robert J. White
                                                United States District Judge